```
Steven L. Krongold (State Bar No. 125952)
KRONGOLD LAW CORP., P.C.
8105 Irvine Center Drive, Suite 900
Irvine, California 92618
Phone: 949-651-1900
Fax:    949-861-9225
Email: steve@krongoldlaw.com

Attorney for Plaintiff
Rigoberto Cardenas, Jr.
```

FILED
10 AUG 17 PM 3:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RIGOBERTO CARDENAS, JR.,

       Plaintiff,

vs.

UNITED PARCEL SERVICE, INC. an Ohio corporation, and DOES 1 through 10, inclusive,

       Defendants.

Case No. CV10 6132 ODW (CWx)

COMPLAINT FOR:
1. RETALIATORY DISCHARGE IN VIOLATION OF FEDERAL LABOR STANDARDS ACT; AND
2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

[JURY TRIAL REQUESTED]

Krongold Law Corp., P.C.

-1-

PLAINTIFF'S COMPLAINT

COPY

COMES NOW, plaintiff and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action since it arises under the laws of the United States of America pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction since the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

2. The Court has personal jurisdiction over defendant pursuant to general jurisdiction principles based in part on defendant's substantial and continuous contacts with California and the fact the claims arose in this state. Alternatively, the Court has specific jurisdiction over defendant on grounds it has purposefully availed itself of the privilege of conducting activities in California, the claims arise out of and relate to defendant's forum-related activities, and the exercise of jurisdiction is reasonable.

3. Venue is proper in this district as a substantial part of the material acts and omissions giving rise to the claims occurred within this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Rigoberto Cardenas, Jr. (Cardenas) is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California.

5. Defendant United Parcel Service, Inc. (UPS) is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Atlanta, Georgia.

6. Does 1 through 10, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such defendants.

7. At all times herein mentioned each of the defendants and Does 1 through 10 was the agent, employee and joint venturer of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment and joint venture.

## COMMON ALLEGATIONS

### A. Plaintiff's Employment (1991 – 2009)

8. On or about January 15, 1992, Cardenas began working for UPS as a part-time preloader and shortly thereafter became a full-time UPS employee until his termination on September 25, 2009.

9. On or about April 5, 2003, Cardenas was promoted to package driver working out of the Cerritos Center, located at 13233 Moore Street, Cerritos, California. A package driver is responsible for picking up and delivering packages along an assigned route. The driver enters certain data on a delivery information acquisition device or DIAD. The DIAD is a hand-held electronic device that drivers use to record, store, and transmit delivery information, including electronic signatures, thereby helping UPS and its customers track all air and ground packages in real time.

10. In or about April 2009, David Saunook (Saunook) became direct supervisor of Cardenas and other package drivers at the Cerritos Center. At all times mentioned herein, Saunook reported to Jan Pierini (Pierini), the UPS District Manager.

### B. Plaintiff Prevails On Overtime Grievances (June 2009)

11. In June 2009, Cardenas prevailed on various overtime grievances and received a check dated June 25, 2009 in the amount of $2,227.50.

12. The grievances were based on safety issues in addition to violations of the overtime provisions of the collective bargaining agreement. Cardenas believed that UPS required drivers to make too many stops per hour and per route. When UPS required Cardenas and other package drivers to work over nine hours a day, Cardenas believed this created a dangerous condition that jeopardized not only the safety of UPS drivers but the public at large.

13. At grievance meetings, Cardenas raised this safety concern to UPS management. For example, in or about June 2008, Cardenas met with senior UPS managers Roger Rosas and Alan Owens along with union representative Richard Pacheco and shop steward Eddie Martinez wherein Cardenas discussed his overtime grievances and his concerns about the safety of UPS drivers.

14. Also, in or about June 2008, Cardenas was presented by management and turned down, in front of his fellow drivers, a 5-year safe driving award. At the time, Cardenas told two supervisors that he refused the award because he and other package drivers were being asked to work in unsafe conditions.

15. As a result of successfully prosecuting his overtime grievances, and complaining about unsafe workplace conditions, Cardenas became subjected to increasing amounts of harassment from Saunook.

### C. Plaintiff Terminated (September 2009)

16. On September 22 and 23, 2009, Cardenas was delayed at Disney. Cardenas informed his on-road supervisor that he was not going to meet the Next Day Air (NDA) Savers delivery commitment for his other deliveries. He requested back-up. On both occasions, management told Cardenas that no back-up driver would be dispatched and to just do the "best you can" to complete the route.

17. As a result of the delays at Disney on September 22, 2009, Cardenas was late in delivering NDA Savers to approximately six stops which comprised about 12 packages.

18. As a result of the delays at Disney on September 23, 2009, Cardenas was late in delivering NDA Savers to approximately two stops comprising about 4 packages.

19. On his DIAD, Cardenas was given options for explaining the reason for his late deliveries such as "customer opens after commit time," "customer requested late delivery," "severe weather delay," or "other".

20. Cardenas had used "customer requested late" in the past when he was late and customers did not complain.

21. On September 25, 2009, Cardenas was summarily terminated from his employment with UPS for giving the incorrect answer on his DIAD for why he was late in delivering packages on September 22 and 23. UPS claimed that Cardenas was found guilty of "proven dishonesty" for falsifying delivery records.

### D.   Plaintiff Appeals Denial of Unemployment

22. On January 8, 2010, the California Unemployment Insurance Appeals Board, Orange County Office of Appeals (Appeals Board) held a hearing on Cardenas' appeal from the Department's determination disqualifying Cardenas for unemployment benefits.

23. On January 29, 2010, Administrative Law Judge (ALJ) reversed the decision, ruling that Cardenas was "not intentionally dishonest" to his employer for marking the exception as "customer requested late delivery."

24. Cardenas is informed and believes, and based thereon alleges, that UPS used "proven dishonesty" as a pretext for his termination and that the true reason was retaliation for exercising his right to file and prosecute overtime grievances and for complaining about workplace safety, i.e., excessive stops and on-road hours.

**FIRST CLAIM FOR RELIEF**

(Retaliatory Discharge In Violation of FLSA)

25. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 24, inclusive, of this Complaint as if fully set forth herein.

26. The anti-retaliation provision of the Fair Labor Standards Act (FSLA), 29 U.S.C. § 215(a)(3), makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." The chapter referenced in § 215 is chapter 8 of Title 29.

27. 29 U.S.C. § 207(a), located within chapter 8 of Title 29, states as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. UPS was not exempt from the complying with the provisions of Section 207.

29. Plaintiff complained to his employer about wage and hour violations, a protected activity under the FLSA.

30. Plaintiff filed and successfully prosecuted grievances under the applicable collective bargaining agreement for such wage and hour violations, a protected activity under or related to the FLSA.

31. Plaintiff was summarily terminated from his employment with UPS as a direct and proximate result of engaging in protected activity under or related to the FLSA.

KRONGOLD LAW CORP., P.C.            -6-
                       PLAINTIFF'S COMPLAINT

32. As a direct and foreseeable consequence of the aforesaid conduct of UPS, plaintiff was damaged in a sum according to proof at trial but in no event less than $75,000.

## SECOND CLAIM FOR RELIEF

(Wrongful Termination in Violation of Public Policy)

33. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 24, inclusive, of this Complaint as if fully set forth herein.

34. Full and prompt payment of wages earned, including overtime, is a fundamental and well-established public policy of the state of California as affirmed by the California Supreme Court in *Smith v. Superior Court* (2006) 39 Cal. 4th 77, 82, 45 Cal. Rptr. 3d 394, 137 P.3d 218. This policy is reflected in California Labor Code §§ 201 and 203. Labor Code § 98.6 prohibits retaliation or discrimination against an employee who exercises the rights afforded under the Labor Code.

35. California has a strong public policy of ensuring workplace safety, including protecting against workers being forced to drive long hours, at unsafe speeds, or recklessly in order to meet unreasonable performance goals. This policy is codified in Labor Code § 1198 which states in part that: "The maximum hours of work and the standard conditions of labor fixed by the [Industrial Welfare Commission] shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Labor Code § 1198.3 prohibits retaliation or discrimination against an employee who refuses to work hours in excess of those permitted by the order. Labor Code § 1199(a) makes it a misdemeanor for any employer who "requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission."

36. California also has a strong public policy recognizing the right of employees to form labor unions, enter into collective bargaining agreements, and participate in the grievance procedure. This policy is codified in California Labor Code §§ 923 and 1126.

37. The public policies at issue, to wit, the full and prompt payment of wages earned, the importance of workplace safety, the right to petition for redress of grievances under a collective bargaining agreement with a private employer, and the right to enforce provisions under the California Labor Code, are delineated in state statutory or regulatory provisions, inure to the benefit of the public, and are well-established, fundamental, and substantial.

38. In direct retaliation for filing and successfully prosecuting his overtime grievances, and for complaining to management about excessive stops and on-road hours, UPS terminated Cardenas.

39. The conduct of UPS as alleged herein violated the fundamental public policies of the state of California.

40. As a direct and foreseeable consequence of the aforesaid conduct of UPS, plaintiff was damaged in a sum according to proof at trial but in no event less than $75,000.

## PRAYER FOR RELIEF

1. On the First Claim for Relief, for reinstatement of employment, for payment of wages and other benefits lost and for attorney's fees pursuant to 29 U.S.C. § 216(b);

2. On the Second Claim for Relief, for reinstatement of employment and for payment of wages and other benefits lost pursuant to Cal. Labor Code § 98.6;

3. On the Second Claim for Relief, for general and compensatory damages pursuant to Cal. Civ. Code § 3333 and according to proof at trial;

4. For costs of suit; and

1   5.   For such other and further relief as the Court may deem just and proper.

2   Dated:  August 16, 2010                         KRONGOLD LAW CORP., P.C.

                                                    By: _____
                                                    Steven L. Krongold
                                                    Attorney for Plaintiff
                                                    Rigoberto Cardenas, Jr.

## DEMAND FOR JURY TRIAL

Plaintiff Rigoberto Cardenas, Jr. hereby demands a trial by jury of all issues so triable.

Dated:  August 16, 2010                             KRONGOLD LAW CORP., P.C.

                                                    By: _____
                                                    Steven L. Krongold
                                                    Attorney for Plaintiff
                                                    Rigoberto Cardenas, Jr.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

```
CV10- 6132 ODW (CWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

RIGOBERTO CARDENAS, JR.
_____
*Plaintiff*

v. Inc
UNITED PARCEL SERVICE, an Ohio
corporation, and Does 1 Through 10,
_____
*Defendant* Inclusive,

Civil Action No. **CV10 6132 ODW (CWx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

      UNITED PARCEL SERVICE, an Ohio
      corporation

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

**CHRISTOPHER POWERS**

Date: AUG 17 2010

*Signature of Clerk or Deputy Clerk*

SEAL

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Rigoberto Cardenas, Jr.

**DEFENDANTS**
UNITED PARCEL SERVICE, an Ohio corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Steven L. Krongold, Krongold Law Corp., P.C.
8105 Irvine Ctr. Dr., Ste. 900
Irvine, CA 92618
949-651-1900

**Attorneys** (If Known)
Caroline L. Elkin, Paul Hastings, etc.
515 S. Flower St., 25th Floor
Los Angeles, CA 90071
213-683-6204

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
**MONEY DEMANDED IN COMPLAINT: $** N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USC § 215(a)(3)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV10 6132**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | ~~Ohio and Georgia~~ SUL |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 5/16/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |