O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   Order DENYING Defendant UPS Inc.'s Motion to Dismiss [6]

  On August 17, 2010, Plaintiff brought a complaint for Retaliatory Discharge pursuant to the Fair Labor Standards Act ("FLSA") and Wrongful Termination in Violation of California Public Policy. United Parcel Service, Inc. ("Defendant") moves to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons discussed below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

  Plaintiff began working for United Parcel Service (UPS) as a part-time pre-loader on or about January 15, 1992. (Compl. ¶ 8.) From approximately April 5, 2003 until his termination on September 25, 2009, Plaintiff worked as a full-time package driver where he was responsible for picking up and delivering packages along an assigned route and entering data on a delivery information acquisition device ("DIAD").

  In the later years of his employment with UPS, Plaintiff filed several grievances with UPS management based on safety concerns and overtime provisions within his collective bargaining agreement ("CBA"). In June 2009, Plaintiff prevailed on his grievances and received payment from UPS. (Compl. ¶ 11-12). Plaintiff alleges he became subject to increasing harassment from his direct supervisor as a direct result of prevailing on his grievances.

  On September 23, 24, and 25, 2009, Plaintiff was delayed at a delivery where Defendant asserts that Plaintiff falsified his delivery records. (Mot. 7.) On September 25, 2009, UPS terminated Plaintiff for what Defendant asserts was "proven dishonesty" in falsifying his delivery

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

records. (Compl. ¶ 21.) Plaintiff, however, alleges that he was actually terminated in retaliation for "exercising his right to file and prosecute overtime grievances and complaining about workplace safety, i.e., excessive stops and on-road hours." (Id. ¶ 24.)

## II. Lack of Subject Matter Jurisdiction Pursuant to 12(b)(1)

A.   Legal Standard of 12(b)(1)

Rule 12(b)(1) authorizes a defendant to seek dismissal based on lack of subject matter jurisdiction. A party seeking dismissal for lack of subject matter jurisdiction may bring a facial or factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that the pleadings are insufficient on their face. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). In contrast, where a defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may make factual determinations. *White*, 227 F.3d at 1242.

Dismissal for lack of subject matter jurisdiction is rare and should only be granted where "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Further, dismissal on this basis is inappropriate where "the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits ...." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). In that case, resolution of the factual dispute should be deferred until a determination on the merits is made, either on summary judgment or at trial. *Id*.

B.   Whether The Court Has Subject Matter Jurisdiction Over Plaintiff's Claims

1.   Plaintiff's Complaint Falls Under the FLSA
     a.   FLSA

Plaintiff's first claim is retaliatory discharge in violation of the FLSA. Plaintiff alleges that after he complained to his employer about wage and hour violations, he was "summarily terminated from his employment with UPS as a direct and proximate result of engaging in protected activity" under the section 207 of the FLSA. (Compl. ¶ 30-31.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

The FLSA regulates minimum wage, overtime pay, equal pay, and child labor. Enforced by the Wage and Hour Division of the Department of Labor, the FLSA also prohibits employers from retaliating against employees who exercise their rights under the Act, such as reporting employer violations of the Act (whistle blowing). Section 207 of the FLSA provides that no employer "shall employ any of his employees who in a workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation" for hours worked beyond the forty hour floor "at a rate not less than one and one half times" the rate at which he or she is regularly employed. 29 U.S.C. § 207(a)(1). The Act's jurisdictional provision empowers "any Federal or State court of competent jurisdiction" to hear an employees claim for relief. 29 U.S.C. §216(b).

Accordingly, Plaintiff's first cause of action alleges retaliatory discharge in violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), which provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act..." Plaintiff alleges on the face of his complaint that he engaged in activity protected under the FLSA, namely filing a grievance under the FLSA regarding overtime wages and safety concerns, and further that this protected conduct was the cause for retaliatory discharge prohibited by section 215 of the FLSA.

      b.     California Public Policy

Plaintiff's second cause of action is for wrongful termination in violation of California public policy. Here, Plaintiff complains California public policy affords him the right to "[f]ull and prompt payment of wages earned, including overtime," "the right to petition for redress of grievances under a collective bargaining act with a private employer," "the right to enforce provisions under the California Labor Code," and sets forth the importance of workplace safety. (Compl. ¶ 37.) Moreover, Plaintiff alleged that the Labor Code further prohibits retaliation against an employee who exercises these rights. (Id. ¶ 34.) Accordingly, Plaintiff alleges that Defendant terminated him "[i]n direct retaliation for filing and successfully prosecuting his overtime grievances, and for complaining to management about excessive stops and on-road hours," violating theses policies. (Id. ¶¶ 38-39.) Plaintiff merely brings a cause of action alleging retaliation for filing wage and work hour grievances under the California Labor Code.

It is clear, on the face of his complaint, that Plaintiff has brought causes of action alleging violations of the FLSA and California Public Policy respectively. Plaintiff has not alleged any

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

violations on the part of UPS in preventing or harming Plaintiff's National Labor Relations Act ("NLRA") right to engage in or refrain from engaging in union activity. Therefore, as discussed below, Defendant's argument that Plaintiff's claims are subject to preemption by the *Garmon* Doctrine is misplaced.

      2.      Plaintiff's Complaint is Not Preempted by the NLRA

Defendant first argues that the facts alleged in Plaintiff's Complaint support NLRA preemption, not any connection to the FLSA, and that Plaintiff did not allege a violation of the FLSA. Consequently Defendants assert that such disputes are within the exclusive jurisdiction of the NLRB. (Mot. 4.) As noted above, this Court finds that Plaintiff clearly alleged a violation of the FLSA on the face of his Complaint, so this argument does not stand.

Next, Defendant argues that the Court should dismiss Plaintiff's retaliation claim pursuant to 12(b)(1) because "Plaintiff fails to allege a causal connection between the payment he received under the CBA and the alleged retaliation." (Mot. 4.) This Court does not agree. *See Fernandez v. Centerplate/NBSE, Inc*., 441 F.3d 1006, 1009 (D.C. Cir. 2006) (holding employees failure to prove element under FLSA did not require dismissal for lack of subject matter jurisdiction).

Moreover, Defendant alleges that Plaintiff's claims are preempted because they are identical to the claims that could have been but were not presented to the NLRB. (Mot. 5.) This contention is misplaced because the NLRB states that it does not enforce federal laws within the jurisdiction of other federal agencies. Here, the NLRB specifically asserts that it does not enforce the FLSA, as it is under the jurisdiction of the Department of Labor. *See* NLRB at (www.nlrb.gov/workplace_rights/employers_or_employees_not_covered_by_nlra.aspx.); *see also Vaca v. Sipes*, 386 U.S. 171 (1967) (finding that where the NLRB declines jurisdiction under state agencies courts are permitted to assume jurisdiction).

Finally, Defendant argues, taking Plaintiff's allegations as true, if Defendant's decision to terminate Plaintiff, was motivated by a desire to retaliate against him, then UPS committed an unfair labor practice under section 8, which would bring this action within the exclusive jurisdiction of the NLRB, preempting this Court's jurisdiction. (Mot. 7.)

      a.      Scope of the NLRA

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

The NLRA states and defines the rights of employees to organize and to bargain collectively with their employers through representatives of their own choosing or not to do so. To ensure that employees can freely choose their own representatives for the purpose of collective bargaining, or choose not to be represented, the Act establishes a procedure by which employees can exercise their choice at elections conducted by the NLRB. NLRA § 7 [§ 157 as amended].[1] *See also* Office of the General Counsel National Labor Relations Board, BASIC GUIDE TO THE NATIONAL LABOR RELATIONS ACT: GENERAL PRINCIPLES OF LAW UNDER THE STATUTE AND PROCEDURES OF THE NATIONAL LABOR RELATIONS BOARD (1997).

Further, to protect the rights of employees and employers, and to prevent labor disputes that would adversely affect the rights of the public, Congress has defined certain practices of employers and unions as unfair labor practices, which include interfering with workers' rights to union representation and discriminating against workers for their legitimate union activities.[2] *See also id.*

      b.    *Garmon* Preemption

Preemption under the *Garmon* Doctrine does not require that a Plaintiff have a certain remedy before the NLRB, the federal agency that enforces the NLRA, or even that the NLRB will hear the claim in the first place. *Bassett v. Stone Container Corp.*, 25 F.3d 757, 759-60 (9th Cir. 1994). Instead, as a general rule, neither state nor federal courts have jurisdiction over suits directly involving activity which is arguably subject to sections 7 or 8 of the NLRA. *Vaca*, 386 U.S. at 179 (quoting *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 345 (1959)). Where it is

---

[1] Section 7 [§ 157 as amended] of the NLRA protects employees in that they shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3) [section 158(a)(3) of this title].

[2] Section 8 [§ 158.] (a) declares that "it shall be an unfair labor practice for an employer (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7 [employees' right to collectively bargain); (2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it: (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization; or (4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this Act."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

not clear whether particular conduct is protected, prohibited, or left to state regulation by the NLRA, the courts must stay their hand, because courts are not the primary tribunals to adjudicate such issues, which must be left in the first instance to the NLRB. *Int'l Bhd. of Boilermakers, etc. v. Hardeman*, 401 US 233 (1971).

    c.  Plaintiff's Claims Do Not Fall Under the Scope of the NLRA

  This Court finds that Plaintiff's FLSA and California Public Policy claims do no fall within the scope of the NLRA (the claims are not directly or arguably subject to sections 7 or 8) and are therefore not preempted. In *Metropolitan Life Ins. v. Massachusetts*, the Supreme Court has held that the NLRA is not concerned with the substantive terms of a CBA but with ensuring an equitable process for determining terms and conditions of employment. Specifically, the court found that federal hour and wage laws are not designed to encourage or discourage employees in the promotion of their interests collectively; rather, they are designed to give minimum protections to individual employees. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 725 (1985) (noting that the purpose of the NLRA is to protect the right to self organization).

  Further, the Ninth Circuit, in *Dillingham* found that minimum labor standards do not affect the collective bargaining process because minimum labor standards treat all workers, union and non-union, equally and neither encourage nor discourage the collective bargaining process. *Dillingham Cont. N.A. Inc. v. County of Sonoma*, 190 F.3d 1034, 1040-41 (9th Cir. 1999). Because minimum labor standards do not affect the collective bargaining process, minimum labor standards also do not affect or regulate the right to bargain collectively. *See Viceroy Gold Corp. v. Aubry*, 75 F.3d 482 (9th Cir. 1996) (finding that minimum labor standards are not preempted by *Garmon* because they do not affect the collective bargaining process).

  If a violation under the FLSA, a minimum labor standard, is not preempted by the NLRB's jurisdiction over violations under the NLRA, which protects the right of collective bargaining, then it must follow that filing grievances under and alleging retaliatory discharge under the FLSA cannot be preempted when the actions do not relate to the NLRA's jurisdiction over the collective bargaining process. Plaintiff here is not alleging that Defendant discouraged or otherwise violated his NLRA-protected right to become involved with or refrain from a collective bargaining process. Nor is Plaintiff alleging that he was discharged in violation of a right to file grievances for employer action discouraging or preventing collective bargaining. In other words, Plaintiff's claims are not protected by nor do they arguable relate to sections 7 or 8 of the NLRA. Rather, Plaintiff has alleged that he was entitled to file a grievance for overtime hour and wage violations already bargained for in his CBA under section 207 of the FLSA. Plaintiff further alleges that he was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

terminated from his position at UPS in retaliation for filing these protected grievances in violation of section 215(a)(3) of the FLSA. Therefore, since Plaintiff's claims under the FLSA and California Labor Code do not fall within the scope of NLRA sections 7 or 8 as required for preemption, Defendant's arguments for preemption must fail.

        3.      This Court Has Subject Matter Jurisdiction Pursuant to § 1331

Because Plaintiff's have presented a federal question that is not preempted on the face of their complaint, namely whether Defendant violated the strictures of the FLSA thus entitling Plaintiff to the remedies thereunder, the Court properly has subject matter jurisdiction over this action. *See Wham-O-MFG Co. v. Paradise Mfg, Co.*, 327 F.2d 748 (9th Cir. 1964); *see also* 29 U.S.C. § 1331 (1980).

III.    Failure to State a Claim Pursuant to 12(b)(6)

    A.    Legal Standard

A motion to dismiss tests the legal sufficiency of the claim stated in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1975); *see also* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim upon which relief may be granted, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6), 28 U.S.C.A. A Rule 12(b)(6) motion is granted where there is either a lack of a cognizable legal theory or the plaintiff fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal quotation marks and citation omitted). Additionally, this Court looks to the face of the complaint to determine whether there is a defect. *See* WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 9:211 (2006). This Court must "take all the allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *McNamara-Blad v. Assoc. of Prof. Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002).

However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). A court is "not required to accept as true conclusory

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

### B. Analysis

#### 1. FLSA Claim

Plaintiff's first cause of action alleges retaliatory discharge in violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), which provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act ... " To survive a motion to dismiss for failure to state a claim upon which relief may be granted, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6), 28 U.S.C.A. To do this, Plaintiff must plead the elements of a retaliation claim under § 215(a)(3) of the FLSA's anti-retaliation provision: (1) the plaintiff must have engaged in statutorily protected conduct under section 215(a)(3) of the FLSA, or the employer must have erroneously believed that the plaintiff engaged in such conduct; (2) the plaintiff must have suffered some adverse employment action; and (3) a causal link must exist between the plaintiff's conduct and the employment action.

Here, Plaintiff has plead that: (1) he complained to his employer about wage and hour violations, as protected under Section 207(a) of the FLSA and filed a complaint with the FLSA; (2) he was terminated from his employment with UPS; and (3) he was terminated in "retaliation for exercising his right to file and prosecute overtime grievances and for complaining about workplace safety." (Comp. ¶¶ 26-31.) Accordingly, this Court finds that Plaintiff has alleged facts sufficient to find that a claim to relief is plausible on its face.

#### 2. Motor Carrier Act Exemption

Defendant argues that Plaintiff's First Cause of Action should be dismissed for failure to state a claim because Plaintiff's assertion that he is a "package car driver" brings him within the Motor Carrier Act ("MCA") exemption to the FLSA, which would exempt Plaintiff from the maximum hour and overtime provisions of the FLSA. 29 U.S.C. § 213(b)(1); (Mot. 8.).

The MCA exemption applies to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." *Id.* In accord with the regulatory authority of the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

Department of Transportation, the MCA exemption covers employees of motor carriers who engage in activities affecting the safe operation of motor vehicles on public highways and involve the transportation of goods in interstate commerce. 49 U.S.C. § 31502. For the statutory exemption under section 213(b)(1) to apply, the Secretary need not actually regulate the driver or the employer; it applies whenever the Secretary has the authority to regulate a driver's hours and safety. *Klitzke v. Steiner Corp.* 110 F.3d 1465, 1468 (9th Cir. 1997). The MCA exemption is to be construed narrowly against employers and applies only to those falling "plainly and unmistakably within [the] terms and spirit" of the exemption. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 396 (1960).

The employer carries the burden of proving "plainly and unmistakably" that its employees come within the motor-carrier exemption. *Friedrich v. United States Computer Serv.*, 974 F.2d 409, 412 (3d Cir. 1992) (citing *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 900 (3d Cir. 1991)). Courts have identified two requirements for the exemption to apply: (1) the employees' employer is subject to the MCA (e.g., that UPS is a motor private carrier), and (2) the employees engage in activities directly affecting the safety of operation of motor vehicles in interstate commerce. *See, e.g., Peraro v. Chemlawn Services Corp.*, 692 F. Supp. 109, 112 (D. Conn. 1988) (citing 29 C.F.R. § 782.2(a)).

Defendant argues that Plaintiff's Complaint states that he was a package car driver, which warrants dismissal of his first cause of action under the FLSA because package car drivers fall within the MCA exemption to the FLSA. (Mot. 8.) As stated above, the employer carries the burden of proving plainly and unmistakably that its employees come within the motor-carrier exemption of the FLSA. 29 U.S.C.A. § 213. Defendant has not carried this burden by merely stating that Plaintiff is a "package car driver,"[3] ignoring the remaining requirements.

IV.   Preemption of State Claim under LMRA

    A.   LMRA Preemption

Finally, in the alternative, Defendant argues that Plaintiff's second cause of action is preempted by section 301 of the Labor Management Relations Act ("LMRA"), because resolution

---

[3] Morever, Plaintiff is not required to plead in his Complaint that he falls outside of all of the exemptions to the FLSA. See Fed. R. Civ. P. 8(a). Accordingly, Defendant has raised questions of fact regarding the MCA exemption. These arguments are more appropriate in a motion for summary judgment.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

requires interpretation of the CBA. (Mot. 15.) Section 301 of the LMRA preempts state law claims where the claim requires the court to interpret the applicable CBA. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Section 301 also preempts state law claims that are "inextricably intertwined" with consideration of the terms of the CBA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). However, the LMRA generally does not preempt state law claims that do not require interpretation of the CBA and are based upon non-negotiable state law rights independent of rights afforded under the CBA. *Cramer*, 255 F.3d at 690-91 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 122-24 (1994)). "A state law claim is not preempted under section 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693.

In determining whether a state law cause of action is preempted by section 301, "it is a claim's legal character, as independent of rights under the collective-bargaining agreement, that decides whether a state cause of action may go forward ..." *Livadas*, 512 U.S. at 123-24. Regarding claims for wrongful termination in violation of public policy, courts in this circuit have found that such claims based upon state rights independent of any CBA, such as those created by a state statute ensuring workplace safety, are not preempted by the LMRA. *See e.g., Cramer*, 255 F.3d 683 (alleging retaliation for complaints regarding invasion of privacy); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743 (9th Cir. 1993) (alleging retaliation for complaints regarding national origin discrimination in violation of the California Fair Employment and Housing Act); *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857 (9th Cir. 1987) (alleging retaliation for refusal to work under unsafe conditions); *Garibaldi v. Lucky Food Stores*, 726 F.2d 1367 (9th Cir. 1983) (alleging retaliation for reporting violations of food safety standards).

In contrast, where there is no underlying independent state public policy being asserted, as the Defendant states is the case here, the claim is essentially one for wrongful termination contrary to the CBA. *See e.g., Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) (no identifiable public policy to support wrongful termination claim stemming from employees' statements regarding a tax audit); *Hollinquest v. St. Francis Med. Ctr.*, 872 F.Supp. 723 (C.D. Cal. 1994) (nurse's complaints regarding patient care did not implicate any public policy that would support a claim for wrongful termination in violation of public policy). Such a claim hinges solely upon the interpretation of the CBA and is preempted by the LMRA. *Id.*

B. Plaintiff's Claim for Wrongful Termination in Violation of Public Policy

Plaintiff's complaint alleges wrongful termination in violation of public policy. Specifically, Plaintiff alleges Defendant wrongfully terminated Plaintiff in violation of fundamental public

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-6132 ODW (CWx) | Date | Dec. 9, 2010 |
|---|---|---|---|
| Title | *Rigobeto Cardenas Jr. v. United Parcel Service, Inc., et al.* | | |

policies of California: the right to full and prompt payment of wages earned; the importance of workplace safety; the right to petition for redress of grievances under a collective bargaining agreement with a private employer, and the right to enforce provisions under the California Labor Code. (Compl. ¶ 37.) Further, Plaintiff asserts he was terminated "in direct retaliation for filing and successfully prosecuting his overtime grievances, and for complaining to management about excessive stops and on-road hours[.]" (Id. ¶ 38.)

In contrast to Defendant's argument that Plaintiff's claim requires interpretation of the CBA, Plaintiff's complaint does identify express statutes and public policy to support a claim for wrongful termination in violation of public policy. Accordingly, Plaintiff's complaint is grounded in express statutes outlining public policy independent of the terms of the CBA, so does not fall within preemption under section 301 of the LMRA.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**SO ORDERED**.

|  | -- | : | 00 |
|---|---|---|---|
| | Initials of Preparer | RGN | |

---

[4] This case is akin to the non-preempted claims of wrongful termination in violation of public policy cited above (*Cramer, Ramirez, Paige,* and *Garibaldi* ), which involved violations of statutes or constitutional provisions protecting employees from discrimination, unsafe workplaces, and privacy intrusions, Plaintiff's claim is grounded in an express statute and fundamental public policy.